the counsel of the defendant to explain what he meant by his answer, said that, as he did not personally examine every lamp made in the defendant's factory, he could not say that such method was never used in a single lamp. Moreover, it may be said generally of the defendant's testimony upon the question under consideration that it is vague, hesitating, and uncertain; hence, after careful consideration of all of the testimony in this connection, I find that the complainant has sustained the burden of proof imposed upon it, and has satisfactorily shown that the defendant has infringed both the method and product claims of the patent.

A decree for the complainant will therefore be entered, with costs.

# MEMORANDUM DECISIONS.

ACORD et al. v. WESTERN POCAHONTAS CORPORATION. (Circuit Court of Appeals, Fourth Circuit. November 4, 1909.) No. 818. Appeal from the Circuit Court of the United States for the Southern District of West Virginia, at Charleston. Arthur English, for appellants. J. Lewis Bumgardner (Simms, Enslow, Fitzpatrick & Baker, and Vinson & Thompson, on the brief), for appellee. Before GOFF and PRITCHARD, Circuit Judges, and BOYD, District Judge.

PER CURIAM. The record and the briefs of counsel, as well as the oral arguments, have been carefully considered in connection with the many authorities cited, with the result that this court is impelled to the conclusion reached by the court below. The case is fully stated, and the law applicable to the questions involved is correctly and clearly announced, in the thorough and able opinion of the court below. 156 Fed. 989. With that opinion we are in full accord. There is no error in the decree appealed from. Affirmed.

BLACK & LAIRD, Limited, v. ADAMS. (Circuit Court of Appeals, Fifth Circuit. February 8, 1910.) No. 1,905. In Error to the Circuit Court of the United States for the Eastern District of Louisiana. Wm. C. Dufour, Lamar C. Quintero, Philip S. Gidiere, and E. D. Saunders, for plaintiff in error. Henry L. Lazarus and Eldon S. Lazarus, for defendant in error. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. None of the assignments of error are well taken. See Sternenberg et al. v. Mailhos et ux., 99 Fed. 43, 39 C. C. A. 408, and cases there cited. The judgment of the Circuit Court is affirmed.

BLACK & LAIRD, Limited, v. SCIAMBRA. (Circuit Court of Appeals, Fifth Circuit. February 1, 1910.) No. 1,900. In Error to the Circuit Court of the United States for the Eastern District of Louisiana. B. R. Forman, for plaintiff in error. Armand Romain, for defendant in error. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. In Louisiana, father and mother both living, the father can stand in judgment to recover damages for the personal injuries of his

minor child. The joinder of the mother in this case was surplusage. The petition not only charges the negligence of the employé of the plaintiff in error, but also the negligence of the employer. We find no prejudical error in the case, and the judgment of the Circuit Court is affirmed.

---

In re BURNS. VIRGINIA–CAROLINA CHEMICAL CO. v. HALL. (Circuit Court of Appeals, Fifth Circuit. October 29, 1909.) No. 1,962. Appeal from the District Court of the United States for the Southern District of Georgia. Walter T. Johnson, for appellant. M. P. Hall, for appellee. Before PARDEE and SHELBY, Circuit Judges, and FOSTER, District Judge.

PER CURIAM. For the reasons given in the court below (171 Fed. 1008), the judgment of the District Court is affirmed.

---

CITY OF MOBILE et al. v. SOUTHERN BELL TELEPHONE & TELEGRAPH CO. (Circuit Court of Appeals, Fifth Circuit. December 21, 1909.) No. 2,020. Appeal from the Circuit Court of the United States for the Southern District of Alabama. See, also, 162 Fed. 523. B. B. Boone, for appellants. Wm. H. McIntosh, J. C., Rich, and Hunt Chipley (Edward P. Meany, on the brief), for appellee. Before PARDEE and SHELBY, Circuit Judges, and FOSTER, District Judge.

PER CURIAM. The part of the decree which follows the names of the defendants enjoined is amended, so as to make the sentence read as follows: "Are hereby perpetually restrained and enjoined from interfering with the property of complainant in said city of Mobile, its wires, poles, and any and all apparatus owned by it and constituting its telephone plant and system in said city, so as to impair any rights conferred on the complainant by said ordinances made Exhibits A and B to the bill; but said defendants are not otherwise restrained, nor are they enjoined from exercising such control of the use of said property by complainant as is consistent with the proper exercise of the police power, and they are also perpetually enjoined and restrained from interfering with the agents, servants, and employés of complainant in replacing the poles of the complainant on the east side of Claiborne street, between St. Anthony and Congress streets, in said city of Mobile." And, as so amended, the decree is affirmed.

---

ELLSWORTH TRUST CO. v. CONRAD et al. (Circuit Court of Appeals, Fifth Circuit. January 18, 1910.) No. 1,902. In Error to the Circuit Court of the United States for the Southern District of Florida. E. P. Axtell and C. D. Rinehart, for plaintiff in error. Geo. M. Robbins, for defendants in error. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. A majority of the judges are of opinion that the tax deed under which the plaintiff in error claims was void, because the assessment was not made in accordance with the law. The judgment of the Circuit Court is therefore affirmed.

---

FERNARD v. ONEIDA NATIONAL CHUCK CO. (Circuit Court of Appeals, Second Circuit. November 9, 1909.) No. 82. Appeal from the Circuit Court of the United States for the Northern District of New York. This cause comes here upon appeal from a decree of the Circuit Court, Northern District of New York, sustaining a demurrer and dismissing the bill. The suit was brought to restrain an alleged infringement of letters patent No. 747,874, granted to complainant December 22, 1903, for a thill coupling. The opinion of the Circuit Court is reported in 167 Fed. 559. George E. Ren-